THE CINCINNATI AND SPRINGFIELD R. R. Co. v.
THE SPRING GROVE AVENUE COMPANY ET AL.

*Railroad—Right of way across turnpike—Appropriation.*

Under the amendment of the act of 1852 (§ 3281 Rev. Stat.)
providing that railroads may condemn lands for the purposes
of side-tracks, depots, etc., as the necessities of its business
may require, a railroad may appropriate a right of way
across a turnpike for its side-tracks.

*Decided June, 1886.*

The plaintiff alleges that it is a corporation orga-
nized and doing business under the laws of Ohio, and
owning a railroad running from the city of Cincinnati
to the city of Springfield; that the defendant, The
Spring Grove Avenue Company, is a corporation
owning and controlling Spring Grove Avenue; that
that part of the property described in the petition
adjoins and abuts on said Avenue: that by reason of
the increase of business at and near this point, it has
not sufficient facilities to do said business, and that it
has not the right of way and grounds to build the
necessary additional side tracks and connection, and
it is necessary to appropriate said lands and the right
of way to cross Spring Grove Avenue.

A motion was filed by the Spring Grove Avenue
Company to dismiss the proceedings as to it for the
following reasons: (1) Because it does not appear
by the petition that said company has power to make

the appropriation sought. (2) Because said petition does not show a necessity for said appropriation.

*C. B. Matthews* for Railroad Company.

*E. A. Ferguson* and *Campbell & Bettman* for Avenue Company.

GOEBEL, J.

As to the first objection made, Has this company the power to condemn the right of way to cross Spring Grove Avenue for the purpose in the petition stated?

It was a doubtful question until after the ruling made by the Supreme Court in the case of *T. & W. R. R.* v. *Daniels,* 16 O. S. 390, whether a railroad company had power, after the location of the road, to make alterations and additions to the road other than by a change of the location or the grade, such as making new side-tracks or the like, but that doubt no longer exists.

The amendment of the act of 1852, which provided for a change of the location or grade of roads, and to add to it side-tracks, depots, etc., and condemn anew lands for that purpose as the necessities of business require, has been incorporated in substance in the Revised Statutes (§ 3281), and received a construction in the case referred to. In that case it was

held that the power to appropriate property was not exhausted after the location of the road, and that a railroad company had power to condemn land for new side-tracks when they became necessary in the proper management of the road.

Is this power limited to private property, or does it confer power to appropriate a right of way across a turnpike? The ruling made in *T. & W. R. R.* v. *Daniels, supra,* as to the appropriation of private property by a railroad company, is equally applicable to the appropriation of public property. There is no difference, except as to the nature of the property and its uses. The defendant is a corporation holding a franchise of a turnpike for the use of the public. It is subject to legislation, and the use may be limited by public exigency.

But where such franchise is held for an important public use, an appropriation can not be made when such taking would defeat the former use and in effect overrule the corporate franchise. But that is not this case. Here it is sought to cross the turnpike to have access to other property. It does not appear that the two uses are inconsistent, or that the railroad company will defeat or materially interfere with the turnpike company.

The question of its interference becomes one of compensation.

As to the second objection, I think the petition on

its face shows a necessity for the appropriation asked.

Whether the allegations made in connection therewith are true are matters of proof.

The motion to dismiss will be overruled.

NOTE.—The judgment in this case was affirmed by the Common Pleas and Circuit Court.